**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4714**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEX WHITE, III,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard M. Gergel, District Judge. (2:15-cr-00311-RMG-1)

Submitted: August 31, 2017          Decided: September 19, 2017

Before NIEMEYER, MOTZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Hannah Rogers Metcalfe, METCALFE & ATKINSON, LLC, Greenville, South Carolina, for Appellant. Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alex White, III, entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and was sentenced to 70 months' imprisonment. *See* Fed. R. Crim. P. 11(a)(2). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal, but questioning whether the district court erred in denying White's motion to suppress evidence found in his vehicle as the result of a traffic stop and subsequent inventory search. Finding no error, we affirm.

"When a district court has denied a motion to suppress, we review the court's legal conclusions de novo and its factual findings for clear error[,] view[ing] the evidence in the light most favorable to the government . . . ." *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017) (citation omitted). "We owe particular deference to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Patiutka*, 804 F.3d 684, 689 (4th Cir. 2015) (brackets and internal quotation marks omitted).

Counsel first contends that the traffic stop was unreasonable because the police officer did not have probable cause to believe that a traffic violation occurred. "When a police officer stops a car and detains its occupants, the traffic stop amounts to a 'seizure' within the meaning of the Fourth Amendment." *United States v. White*, 836 F.3d 437, 440 (4th Cir. 2016). "Therefore, to pass constitutional muster, the stop must not be unreasonable under the circumstances." *Id.* (internal quotation marks omitted). In order for a traffic stop to be reasonable, "the officer [must] ha[ve] a constitutionally adequate

2

basis for initiating" it, such as "reasonable suspicion or probable cause to believe that a traffic violation has occurred." *Id.* at 440-41.

The district court found credible the officer's testimony that he stopped White's vehicle because it swerved across a solid traffic line, in violation of S.C. Code Ann. § 56-5-1810(a)-1900(a) (2006). The officer's testimony was consistent with the incident report and warning ticket issued to White. Further, White failed to present any evidence that the traffic violation did not occur or that otherwise rebutted the officer's testimony regarding the traffic stop. Nor does the record support White's suggestion below that the officer intentionally acted to ensure that the stop was not video-recorded. Therefore, we conclude that the district court did not err in finding that the traffic stop was supported by "a constitutionally adequate basis." *White*, 836 F.3d at 440.

Counsel next claims that the police department's inventory search policy is facially unconstitutional. "A warrantless search may . . . be valid, and the evidence obtained from that search may be admissible, if the search falls within one of the narrow and well-delineated exceptions to the Fourth Amendment's warrant requirement," such as "the inventory search exception." *United States v. Matthews*, 591 F.3d 230, 234 (4th Cir. 2009) (internal quotation marks omitted). "For the inventory search exception to apply, the search must have been conducted according to standardized criteria, such as a uniform police department policy. . . ." *Id.* at 235 (brackets and internal quotation marks omitted). The existence of a standardized policy can be proven by written rules or testimony on standard practices. *Id.* "[S]tandardized criteria must sufficiently limit a searching officer's discretion to prevent his search from becoming a ruse for . . .

3

rummaging . . . to discover incriminating evidence," providing "discretion only to the extent necessary to . . . protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." *Id.* at 235, 238 (internal quotation marks omitted).

In *Matthews*, we rejected appellant's argument that the inventory search policy lacked standardized criteria on how to handle closed containers because, while the policy did not specifically address closed containers, it required "a complete inventory to be taken on all impounded or confiscated vehicles including the interior, glove compartment and trunk." *Id.* at 237-38. We also determined that the policy sufficiently curtailed officer discretion because it required officers to (1) search particular areas, (2) lock valuables in the trunk of the vehicle, and (3) complete and file an inventory form. *Id.* at 238.

White has not shown that the policy did not sufficiently limit the officer's discretion in searching his vehicle. *See City of Los Angeles v. Patel*, 135 S. Ct. 2443, 2451 (2015). Similar to the policy in *Matthews*, the police department's written inventory policy here (1) prohibited officers from removing door panels or air ducts without probable cause, (2) required officers to secure inventoried items in the trunk, and (3) required officers to fill out and sign an inventory sheet. While the written policy does not specify which areas of the vehicle to search or whether to search closed but unlocked containers, the searching officer testified that an inventory search encompassed items in plain view, including unlocked glove compartments and center consoles, but not locked containers. We conclude that the inventory search policy constituted a standardized

4

policy that sufficiently limited the officer's discretion and is therefore facially constitutional.

Finally, counsel contends that the officer failed to follow the policy and conducted the inventory search in bad faith. "Standardized search procedures must be administered in good faith for their attendant searches to satisfy the Fourth Amendment." *United States v. Banks*, 482 F.3d 733, 739 (4th Cir. 2007) (internal quotation marks omitted). "That is, an inventory search conducted pursuant to standardized procedures is valid so long as the purpose of the inventory is not to gather incriminating evidence against the owner." *Id.* (ellipsis and internal quotation marks omitted). In determining whether the inventory search is conducted pursuant to standardized procedures, the relevant inquiry is not whether the searching officer "complied with all the written directives . . . but whether . . . he acted in accordance with standard procedures more generally." *Id.* at 740.

As discussed above, the officer's search of the laptop case and its contents was justified under the department's inventory search policy. While the officer did not list every item found in the vehicle, he generally complied with standard procedures in conducting the search. *See id.* Further, while White argued that the inventory search was conducted in bad faith for the purpose of gathering evidence against him, it was reasonable for the officer to conduct an inventory and have the car towed because neither White nor his passenger could drive the car and it was stopped in a hazardous location. *See Matthews*, 591 F.3d at 235 n.7. Thus, we conclude that the district court did not err in denying White's motion to suppress.

In accordance with *Anders*, we have reviewed the record in this case and found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform White, in writing, of the right to petition the Supreme Court of the United States for further review. If White requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on White. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*